## F. M. BUCHANAN ET UX. V. SIMEON HART.

Where the trustee to sell to pay a mortgaged debt died, the court had the power to appoint a successor, upon the familiar principle that a trust shall not fail for want of a trustee.

Whether the wife is bound by a deed of trust, so as to authorize a forced sale of the homestead, will only be decided when the issue is necessarily presented.

When the trustee dies, and the creditor goes into equity for the appointment of a successor, the costs are taxable against the plaintiff, to come out of the trust fund, not to the defendant.

ERROR from De Witt. The case was tried before Hon. J. J. HOLT, one of the district judges.

On the 14th day of May, 1860, Buchanan executed and delivered to Hart his promissory note for $5,000, payable May 14, 1865, and his five separate notes for $600 each, due respectively on the 14th days of May, 1861, 1862, 1863, 1864, and 1865; and on the same day Buchanan and wife executed a deed of trust to secure the payment of these notes, conveying several pieces or tracts of land and sundry slaves to William R. Scurry, as trustee, with power to sell, &c., upon failure of payment. One of the parcels of land was described as "including the homestead and plantation upon which the said F. M. Buchanan now resides, to wit, three hundred acres," &c. The other tracts were adjoining—one of nine hundred and eighty-four acres and the other of three hundred and thirty-seven acres.

In September, 1866, Hart brought suit upon the notes, making the wife of Buchanan a party, and praying for judgment and a foreclosure of the lien of the deed of trust. Afterwards he amended his petition, and prayed simply for the appointment of a trustee in place of Scurry, who was dead.

Upon hearing, the court rendered a decree appointing William S. Glass trustee, in place of William R. Scurry, with power to sell the lands and apply the proceeds according to the provisions of the deed, and generally to do whatever Scurry might do if living. No judgment was rendered upon the notes.

Buchanan and wife seek a reversal of this decree, upon the ground that it is a decree for a "forced sale" of the homestead.

*Samuel C. Lackey,* for plaintiffs in error, admitted the right

to substitute a trustee, but denied the power of that trustee to sell the two hundred acres homestead.  As the court held that this latter point was not presented, the arguments of counsel are not given.

*Glass & Callender*, for defendant in error.

CALDWELL, J.—Counsel for plaintiffs in error concede the only point in the case, upon the axiomatic principle that a trust shall never fail for want of a trustee.  (Story's Eq. Jur.)  If, in the execution of a trust, the trustee should invade the homestead rights of plaintiffs in error, his remedy would be by a direct proceeding to restrain the trustee. We cannot presume (for it nowhere appears) that the plaintiffs in error now occupy as a homestead the land embraced in the trust deed.  This must appear by averments and proof, to raise the issue, whether or not a married woman can legally divest herself of the homestead by deed of trust.

It is assigned as error that the costs of suit were taxed against the plaintiffs in error.  We are of opinion that this was error, but not such a one as to justify a reversal.

The judgment is reformed to the extent of taxing the costs to the defendant in error, to be paid out of the trust fund, and in all else it is

AFFIRMED.