## L. M. RICE AND WIFE v. W. PEACOCK.

1. A notary's certificate to a married woman's conveyance recited that she appeared before him, "and acknowledged herself party to the annexed deed "of trust, and, being examined and apart from her husband, acknowl- "edged that she signed, sealed, and delivered the same, for the purposes "and considerations therein expressed, and that she wished not to retract "it." *Held*, that this certificate is defective and worthless. It fails to show that the wife was examined separate and apart from the husband, or by whom she was examined; and though all its recitals be admitted, she may never have acknowledged to the notary her willingness to sign the instrument. (Paschal's Digest, Article 1003.)

2. In the absence of promissory notes secured by the deed of trust for the enforcement of which this suit was brought, and without allegation of their loss, it was error to permit the plaintiff to prove their contents by parol evidence.

APPEAL. from Titus. Tried below before the Hon. J. D. McAdoo.

The opinion and head-notes sufficiently indicate the facts.

*Mason & Campbell*, for the appellants.

*Moseley & Sparks*, for the appellee.

WALKER, J.   The members of the court now present are unable to agree upon the question, is a married woman bound by deed of trust executed during coverture, so as to authorize a forced sale of the homestead?   This question was not decided in Buchanan and wife *v.* Hart, 31 Texas, 647.

But to avoid delay, and inasmuch as there are other questions raised upon this record equally decisive of the case, we proceed to dispose of it.

The demurrer of Rice and wife to the original petition should have been sustained, at least upon the ground of the defective acknowledgment of the deed of trust, on the part of Elizabeth, the wife.   The officer before whom the acknowledgment was taken, does not certify that the wife was privily examined by him.   He does certify that Elizabeth, the wife, appeared before him, and acknowledged herself party to the deed of trust, "and, being examined and apart from her husband, ac-"knowledged that she signed, sealed, and delivered the same."   This certificate does not aver that the wife was examined separate and apart from her husband, or by whom she was examined; but simply that she was examined, and that, apart from her husband, she acknowledged that she signed, sealed, etc. All this she might have done, and yet not have admitted her willingness to sign the deed, to the officer whose duty it was to ascertain the state of her mind touching this matter, by an examination separate and apart from her husband.   (Article 1003, Paschal's Digest.)

It was error in the District Court, in the absence of the notes

secured by the deed of trust, and without an averment of their loss, to admit parol evidence of their contents.

It was also error to admit the deed of trust upon the defective acknowledgment being shown.

This cause having been submitted to the court without a jury, and it being our opinion that the demurrer should have been sustained, the judgment of the District Court is reversed and the cause dismissed.

Reversed and dismissed.