W. J. McDONALD *v.* A. G. VINSON, COUNTY SUPERINTENDENT, ETC.

1. CHANCERY. *Jurisdiction. Deed of trust, with power of sale.*
   A power of sale in a mortgage or deed of trust does not affect the jurisdiction of a court of chancery over such instruments, nor abridge the right of the beneficiary to resort to that court for the enforcement of his security.

2. DEED OF TRUST. *Power of sale, appointment of trustee, etc. Effect.*
   A power of sale, or for the appointment of a new trustee, or other like power, in a mortgage or deed of trust, enlarges the right of the donee, but does not diminish it.

3. SAME. *Jurisdiction of chancery. Condition broken.*
   After a breach of the conditions of a mortgage or deed of trust, the *cestui que trust* may resort to a court of chancery for its enforcement, without alleging any other ground therefor than such breach.

4. SAME. *Foreclosure. Statute of Limitations.*
   Where the trustee in a deed of trust cannot execute the trust for want of time to advertise the sale before the bar of the Statute of Limitations, it may be enforced by a bill in chancery, filed at any time before such bar.

APPEAL from the Chancery Court of Kemper County.

Hon. GEORGE WOOD, Chancellor.

A. G. Vinson, as superintendent of public education of the county of Kemper, filed a bill to enforce a deed of trust on cer-

tain lands, given by W. J. McDonald to secure his promissory note to the complainant's predecessor in office. The bill alleged that the trustee named in the deed of trust was dead, and that, under a provision in the deed, the complainant had substituted T. W. Brame as trustee, but that there was not then sufficient time, before the debt would become barred by limitation, to advertise the land according to the terms of the deed. The prayer was, that the appointment of T. W. Brame as substituted trustee be confirmed, and that he be authorized to sell the land and apply the proceeds to the satisfaction of the note. The defendant demurred to the bill, for want of equity. The demurrer was overruled.

*Evans & Griffin*, for the appellant.

The jurisdiction of courts of equity is extended to the enforcement of mortgages with power of sale, because of the interest of the trustee and his temptation to act unfairly; but as to deeds of trust with power of sale there is no such objection, the trustee being disinterested and indifferent as between debtor and creditor. *Thompson* v. *Howze*, 48 Miss. 450; *Wofford* v. *Board of Police*, 44 Miss. 586. And chancery will not take jurisdiction for the enforcement of a deed of trust, unless the bill shows some necessity therefor. *Sims* v. *Hundly*, 2 How. 899. In this case, the original trustee, or the substituted trustee, either, might have executed the deed of trust without resort to chancery.

*T. W. Brame*, for the appellee.

A power of sale given in a mortgage or deed of trust does not oust the jurisdiction of a court of chancery, nor preclude a party thereto from invoking the aid of that court for the enforcement of his security. Such power is merely cumulative. *Thompson* v. *Howze*, 48 Miss. 450; Hill on Tr. 175; Hill. on Mort. 120, 129; 8 Ala. 694; 21 Ala. 573; 15 Texas, 257; 17 Ohio, 482; 1 Wis. 420; 36 Pa. St. 145.

CAMPBELL, J., delivered the opinion of the court.

It is well settled that a power of sale in a mortgage or deed

of trust does not in any way affect the jurisdiction of a court of chancery to enforce the rights of parties thereto, nor abridge in the slightest degree the right of a person, secured by such instrument, to resort to a court of chancery, as he might do if no such provision had been made for enforcing the security without the aid of a court. All the powers conferred by such an instrument are *additional* to what the law grants, and neither affect the jurisdiction of a court of chancery nor the option the holder has to invoke its jurisdiction, as if the instrument contained no such provision. A power to sell, or to appoint a trustee, or the like, *enlarges* the right of the person to whom it is given, but does not *diminish* it.

The deed of trust in this case may be enforced by the Chancery Court, as if no trustee had been appointed. The bill is constructed on the erroneous theory that it is necessary to have some *special* ground on which to resort to chancery in such a case; and it prays the confirmation of the appointment of a trustee, in the exercise of the power of substitution conferred by the deed, and that he may be empowered to execute the trust by a sale. The bill shows a promissory note, secured by a deed of trust, with condition broken; and that is all that is necessary to maintain it. The bill was brought, and process issued and served, before the note was barred by the Statute of Limitations; and the fact that the note was nearly barred makes no difference. The running of the statute was stopped by the commencement of the suit.

Decree affirmed, and cause remanded for defendant to answer in thirty days.