HENRY FULLER v. MARY J. ONEAL AND W. A. WILLIAMS.

No. 3261.

| 82 417 |
| 90 466 |

1. **Statute of Limitation—Trustee Refusing to Act.**—Suit by beneficiary in trust deed against the owner of the land and the trustee, alleged to have refused, December, 1882, to execute the trust by making sale. The suit was filed April 30, 1888. *Held*, that the debt being barred the court could not give relief. The court could not give relief through a trustee that it could not through its regular process.

2. **Limitation in Favor of Trustee.** — The petition alleged the refusal of the trustee to act, December, 1882. Cause of action then accrued against the trustee; it could not be affected by subsequent refusals, and any action against him was barred by suit brought more than six years afterward.

ON MOTION FOR REHEARING.

3. **Practice—Appointing Trustee.**—Before appointing a trustee to sell, the court would from necessity investigate whether the plaintiff exhibits a claim which the law would enforce. It could not enforce collection of a debt barred by limitation when the statute was invoked.

4. **Pleading.**—The action was not framed against the trustee for liability for damages for refusing to execute the trust undertaken by him. This would be a cause of action, but it was barred had it been relied upon.

ERROR from Van Zandt. Tried below before Hon. FELIX J. McCORD. The opinion states the case.

J. G. Russell, for plaintiff in error.—1. Where for any reason a trustee fails or refuses to perform the duties imposed upon him by the trust instrument, a court of equity will not for that reason permit the trust to fail, but by the appointment of new trustees will proceed to execute the trust. Irvine v. Dunham, 111 U. S., 327; Girard v. Philadelphia, 7 Wall., 1; Adams v. Adams, 21 Wall.; 185; Jones v. Habershan, 107 U. S., 174; Ellison v. Ellison, 6 Ves., 663; 3 Wait's Act. and Def., 140; Buchanan v. Hart, 31 Texas, 648.

2. Where a trust deed is created, founded upon personal confidence in the trustee, his functions and authority can not be delegated, and where he attempts to execute the trust (being absent himself) through the instrumentality of another, such attempted execution is void in law, and in legal contemplation is an absolute failure by the trustee to perform the trust. Fuller v. O'Neil, 69 Texas, 349; Graham v. King, 50 Mo., 22; Powell v. Tuttle, 3 Comstock, 497; Hill on Trustees, sec. 175; Perry on Trusts, secs. 402, 499, 602m, 602x, 779, 780.

3. Although a note secured by a deed of trust may be barred by the statute of limitations, and although the holder thereof for that reason can not enforce its collection in the courts of the country, still the beneficiary in the trust deed can have the property which has been conveyed to secure the debt sold by the trustee for its satisfaction, and the conveyance of the trustee made in conformity with the trust will clothe the purchaser at said sale with title. Sprague v. Ireland, 36 Texas, 655; Goldfrank v. Young, 64 Texas, 432; Fievel v. Zuber, 67 Texas, 275; De Cordova v. Galveston, 4 Texas, 480; Hudson v. Wilkinson, 61 Texas, 609, Shears v. Hartley, 3 Esp., 80; Morse v. Williams, 3 Camp., 418; Higgins v. Scott, 2 Barn & Ad., sec. 413; Jones on Mort., sec. 1203.

4. Where the delay of a party in seeking a remedy is satisfactorily accounted for, and is not attributable to laches or neglect, then equity will grant relief according to the justice of the case, notwithstanding the bar of the statute of limitations has applied. Farris v. Bennett, 26 Texas, 568; McKin v. Williams, 48 Texas, 92; Rucker v. Dailey, 66 Texas, 286; Campbell v. McFadin, 71 Texas, 28; Hamilton v. Quimby, 46 Ill., 90; Ashmore v. Evans, 11 N. J. Eq., 151; Logan v. McCord, 2 A. K. Marsh. (Ky.), 224; Craig v. Leiper, 2 Yerg. (Tenn.), 193; Delavan v. Duncan, 49 N. Y., 485; 3 Wait's Act. and Def., secs. 198, 204; 5 Wait's Act. and Def., sec. 815; Story Eq. Jur., sec. 64; Wood on Lim., sec. 60, pp. 121–125; Stone v. Hale, 17 Ala., 557.

J. G. Kearby, for defendants in error.—1. A court of equity will not aid plaintiff in compelling the second performance of a trust by a trustee or to appoint another to do that which the trustee selected by plaint-

iff did do to his (plaintiff's) satisfaction and acceptance; nor will a court of equity aid in the collection of a stale demand.  Brownson v. Reynolds, 77 Texas, 254; Vardeman v. Edwards, 21 Texas, 737.

2.  A deed of trust or mortgage is but an incident to the debt, and when the debt for which the trust deed was given is barred by limitation the trust deed or mortgage is also barred, and the holder thereof can not enforce the collection of the same in the courts of the country. Blackwell v. Barnett, 52 Texas, 331; Pasch. Dig., arts. 4604, 4617; Buchanan v. Monroe, 22 Texas, 541; Duty v. Graham, 12 Texas, 437; Wright v. Henderson, 12 Texas, 44; Givens v. Davenport, 8 Texas, 451; Ross v. Mitchell, 28 Texas, 154; Gautier v. Franklin, 1 Texas, 732; Chevallier v. Durst, 6 Texas, 239; Vardeman v. Edwards, 21 Texas, 737; Jones on Mort., sec. 1769; Angel on Lim., sec. 7; McLane v. Paschall, 47 Texas, 366.

TARLTON, JUDGE, *Section B.*—Plaintiff in error brought this suit against defendants in error by petition filed in the District Court of Van Zandt County, April 30, 1888.  The facts alleged in the petition are substantially as follows:

On the 27th day of December, 1879, the defendant in error Mary J. Oneal owned as her separate property and in fee simple estate, lot No. 1, in block No. 21, in the town of Wills Point, in Van Zandt County, upon which was situated a brick building.  Mary J. Oneal was then the wife of John A. Oneal.  On the said 27th day of December John A. Oneal borrowed from plaintiff in error the sum of $3000, and he and the defendant Mary J. Oneal gave to plaintiff their promissory note for that amount.  To secure the payment of this note John A. Oneal and the defendant Mary J. Oneal, on the said day in December, conveyed in trust the said lot of land to the defendant W. A. Williams, as trustee. The deed of trust provided that if the note, or any part of its amount, was not paid at maturity, then the defendant Williams was authorized and empowered to expose said property for sale at public outcry, in the town of Wills Point, to the highest cash bidder; to make and deliver to the person who purchased it a deed of conveyance to the same, and to apply the money realized at the sale, first, to defraying the expenses of the trust, and second, to the liquidation and satisfaction of plaintiff's note.

The said note, by its terms, became due on the 27th day of December, 1880.  On its maturity the note remained wholly unpaid, and the same, both principal and interest, is still due and owing to plaintiff in error.  After said note was past due, plaintiff applied to the defendant in error W. A. Williams, and requested him to sell said property as directed in the deed of trust; but the defendant Williams refused and failed to properly sell the property.  He pretended to advertise said property for sale at the town of Wills Point on the first Tuesday in De-

cember, 1882, but he failed and refused to attend in person at the time and place of the sale, and refused and failed to make the sale in person. One J. T. Hamm, pretending to act as the agent of said defendant Williams, made a sale of the property in the manner that the deed of trust directed that Williams should make it. The sale under the trust deed was thus made by said Hamm on the first Tuesday in December, 1882, and plaintiff in error became the purchaser of said property at said sale, his bid of $2000 being the highest one offered. On the 5th day of December, 1882, the defendant Williams, in pursuance of the deed of trust, the sale, and the purchase by the plaintiff, conveyed, as trustee, the property in question to the plaintiff in error, and said deed, having been duly acknowledged, was properly recorded in Van Zandt County.

Previous to the making of this sale, in consideration of the forbearance of plaintiff to force the collection of his debt, John A. Oneal authorized the plaintiff to collect and appropriate the rents and revenues arising from the property in question; but before any such rents or revenues were received by the plaintiff the sale of the property was made as aforesaid. After receiving the deed to the land from the trustee Williams, plaintiff entered into actual and exclusive possession of the property with the full knowledge and consent of John A. Oneal. This possession by plaintiff continued for several years, and until it was interrupted, as will be here explained.

John A. Oneal died a few days after the pretended sale of said property was made—that is, some time in December, 1882. At the time of his death he was, and since then his estate has always been, utterly and notoriously insolvent.

About the 2d day of July, 1884, the defendant Mary J. Oneal, being then and now a feme sole, began against plaintiff, in the District Court of Van Zandt County, a suit of trespass to try title to the said land and building, and for damages, and to that suit plaintiff interposed the plea of not guilty. That suit was continued for several terms, but at last came to trial in the spring of 1887. The trial resulted in a judgment in favor of the defendant M. J. Oneal, and against plaintiff, for the recovery of the property in question, and for $1200 damages for the use of the property for the whole of the time plaintiff held and occupied the same. Plaintiff in error appealed from said judgment, and the Supreme Court at its Tyler Term, 1887, affirmed said judgment. The decision of affirmance was based upon the ground that the defendant Williams was bound to make the sale in person; that he had no authority to appoint any one else to make it, and that the sale made by said J. T. Hamm and the deed made by the defendant Williams, as trustee thereunder, were nullities. (See case of Fuller v. O'Neil, 69 Texas, 349.)

Plaintiff had been advised by learned and reliable attorneys at law, practicing in the Texas courts, that the sale of the property at which he purchased was valid, and that the deed of the defendant Williams, as trustee, conveyed to him the title to the property in question. Of this he never learned any better until the Supreme Court decided otherwise.

As soon as plaintiff was apprised of the invalidity and nullity of the sale of said land, and of his purchase of and title to the same, he immediately applied to the defendant Williams to sell said land according to the terms of the trust deed, and he offered to pay all the expenses and charges for so selling, and to indemnify and save harmless the said Williams for so doing; but notwithstanding all this, the defendant Williams refused to sell said property or to in any way execute the trust invested in him by the said trust deed.

The purchase by plaintiff in error of the land in controversy having been declared null and void by the Supreme Court on account of the failure and refusal of the defendant Williams to sell said property in person, shortly after the decree of affirmance the defendant Oneal had issued out of the court which tried said suit a writ of possession for said property and an execution for the moneyed judgment rendered against plaintiff, and under them plaintiff was ejected from the property in question and forced to pay said moneyed judgment, amounting to some $1200. All this damage was caused to plaintiff by reason of the gross negligence of the defendant Williams in the execution of the said trust, after having voluntarily undertaken the execution of the same.

Upon this state of facts the plaintiff prayed the court to appoint a substitute trustee to act in the stead of the defendant Williams and sell said properties in accordance with the directions of the trust deed, showing to the court that the property is not now of sufficient value to realize to plaintiff the amount of his debt. The plaintiff also prayed for a judgment personally against the defendant Williams for the $1200 plaintiff had been forced to pay on account of the negligence of said Williams and his refusal to sell the properties as the terms of the trust deed directed. To his petition the plaintiff attached the two deeds as exhibits and as parts of his case—the deed of trust to the defendant Williams, and the deed from said Williams, as trustee, to the plaintiff.

This statement substantially sets out the plaintiff's cause of action as declared upon in his petition, and the allegations in that petition for the purpose of this discussion are to be taken as true, they being unchallenged except by demurrer.

The defendants in error, in answer to plaintiff's suit, demurred generally and specially. The special demurrers were based upon the following grounds, viz.:

1.  Because the petition shows that plaintiff has no right or equity in the suit.

2.  Because the petition seeks to attack a judgment of the Supreme Court without charging fraud or mistake.

3.  Because the petition seeks to compel the performance of acts of trust which have already been performed at plaintiff's instance.

4.  Because the petition seeks the aid of a court of equity in the enforcement of a remedy which is stale and barred by limitation.

5.  Because the petition shows that all the issues of law and of fact pleaded therein are res adjudicata.

The court, November 15, 1889, sustained all these exceptions; and the plaintiff declining to amend, his petition was dismissed and judgment for costs rendered against him.   He therefore prosecutes this writ of error.

Counsel for plaintiff in error has submitted assignments with reference to the action of the court on each of the exceptions above set out. He has presented his views in a brief to be commended for its clearness and precision.   In our opinion of the case, however, it would be more interesting than useful to discuss all the questions submitted; and this because, in our opinion, the exception to the petition invoking the statute of limitation is fatal to the relief which the plaintiff seeks against Mary J. Oneal.

It appears from the averments of the plaintiff's petition that the debt to the payment of which he desires that the property in question be subjected, matured more than seven years before the institution of this suit.   During all this time it does not appear that Mary J. Oneal did any act which would interrupt the operation of the statute here relied upon by her.   If it could be contended that the conduct of her husband John A. Oneal was sufficient to preclude him from pleading the defense of limitation, his conduct could not affect his wife.   The property is the separate property of the wife Mary J. Oneal; and while the wife can execute a valid mortgage binding upon her separate estate to secure the husband's debt or a community indebtedness, no personal demand is thereby created against her; the statute of limitation will run in her favor from the maturity of the debt; and it is beyond the husband's power so to revive the debt as to prevent her from invoking the statute in a suit for the foreclosure of the mortgage upon her separate property.   Wofford v. Unger, 55 Texas, 484.

Plaintiff in error contends that this is a suit simply to secure the appointment of a substitute trustee, and not to enforce through the courts the collection of a debt; that in such case, though the note secured by the deed in trust is barred, the beneficiary can have the property which has been conveyed to secure the debt sold by the trustee for its satisfaction.   The case of Goldfrank v. Young, 64 Texas, 432, followed by

the case of Fievel v. Zuber, 67 Texas, 275, is relied on in support of this proposition.

In the former case it is held that "the law denies to the holder of the claim (barred by limitation) *any remedy* through the courts for its assertion or enforcement." In this case, is plaintiff in error seeking through the courts the assertion or enforcement of a claim barred by limitation? If so, the remedy is denied him. What is the palpable purpose of securing from the court the appointment of a trustee? It is clear that the plaintiff has but one object in resorting to the courts, viz., the enforcement of a barred debt. The special exception urging the defense of limitation was properly sustained.

With reference to plaintiff's demand of $1200 against defendant Williams, it appears that this is founded upon the fact that Williams failed to properly execute the trust at the sale in December, 1882. It is to be inferred from the facts stated in the petition that this failure was due to a mistake of law on the part both of the beneficiary Fuller and of the trustee Williams. It is evident that both were of opinion that Williams could execute the trust through an agent. However this may be, it is clear that plaintiff in error made no protest against this method of executing the trust; that he was present at the sale, bid in the property, and took the deed therefor, when he could have declined to purchase and forbidden the sale, and prevented any injury to himself from the illegal method pursued. If injury resulted, plaintiff by his negligence contributed thereto, and this is apparent from the averments of his petition, which was therefore subject, in this respect, to the general demurrer which the court sustained.

*Affirmed.*

Adopted December 1, 1891.

ON REHEARING.

STAYTON, CHIEF JUSTICE. — Appellant only seeks relief in two respects. He asks the appointment of a trustee empowered to sell after the debt is clearly barred by limitation, when this is set up as a defense. To grant this would be but an indirect way to accomplish through a court what could not be done directly through its own process. Before appointing a trustee with power to sell, such as the trustee named in the trust deed had, the court would necessarily have to inquire whether plaintiff shows a claim which the law permits to be collected through the courts with the defense of limitation pleaded. The petition shows that the claim was clearly barred, and under such circumstances it would be a mockery of the law for a court to empower a trustee to do what could not legally be done through its own process, which would be as effective as the due execution of the power by the trustee.

Plaintiff seeks relief against the trustee to the extent he was compelled to compensate Mrs. Oneal for the use of the property while held by him, and he bases his claim, not made until April 30, 1888, on the alleged refusal of the trustee to sell under the power as early as December, 1882. This claim when asserted by action was clearly barred.

After the decision of the case of O'Neil v. Fuller by this court the trustee might legally have sold the property, and for his failure to do so, after plaintiff had lost all other means of redress, it would seem that he ought to be held liable for any injury resulting from his refusal to sell, having accepted the trust, if the action against him was not barred. The petition, however, was not framed to recover on that cause of action, although it did allege his refusal to sell when requested to do so after the decision was made by this court; but this averment was made for the purpose of showing that plaintiff could not have relief through a sale by the trustee, and hence the necessity to resort to the court for relief through the appointment of another trustee.

If the petition had been framed with a view to the relief above suggested, containing as it did an averment that the trustee refused to exercise the power as early as December, 1882, the action would be barred; for it existed when the trustee refused to act, and it could not be revived by a subsequent demand and refusal.

These views are decisive of the case, and the motion for rehearing must be overruled.

*Motion overruled.*

Delivered January 15, 1892.

Justice HENRY not sitting.