JAMES CONVERSE ET AL. EXRS., V. WILLIAM DAVIS ET AL.

*Decided March 1, 1897.*

1. Equity—Power of Sale—Substitute Trustee.

A court of equity in this State will appoint a substitute trustee to execute a power of sale in a trust deed on the death of the original trustee. (Pp. 465, 466.)

2. Res Judicata—Issues Expressly Excluded.

While prima facie the effect of a general decree is to adjudicate every issue raised by the pleadings, it does not have such effect upon an issue which the court therein expressly excluded from its determination. (P. 466.)

3. Same—General Decree.

A general decree refusing a personal judgment and foreclosure of. lien on account of the notes sued on being barred by limitation does not prevent the plaintiffs from enforcing the lien by a resort to power of sale conferred by a deed of trust securing it. (Pp. 466, 467.)

4. Mortgage—Power of Sale—Res Judicata—Limitation—Stale Demand.

A trustee named in a deed of trust, who was proceeding, on default in payment of notes secured thereby, to sell the property under the power given by the deed, was restrained from so doing by an injunction procured by the creditor wrongfully and afterwards dissolved. This suit was pending some nine years; during which the trustee and the creditor both died, leaving no power under the deed to substitute a trustee. More than four years after the maturity of the notes the executors of the creditor, appearing in the suit, asked judgment on the notes and decree of foreclosure, which was denied because the notes were barred, the decree leaving them free to enforce their rights under the powers of the deed of trust. Held that:

1. Such decree did not have the effect of cancelling the debt or lien, nor prevent the executors of the beneficiary from subsequently maintaining a suit to have a substitute trustee appointed to execute the deed of trust.

2. The cause of action for appointment of such substitute trustee did not accrue till the death of the original trustee and such suit was not barred nor a stale demand when brought within one year from that time.

3. The right to enforce the lien by sale by a trustee under the power given by the deed was not barred nor lost by the delay occasioned by the wrongful injunction, and the fact that the debt was not barred was under these circumstances no equitable reason for denying such relief. (Pp. 463 to 468.)

ERROR to Court of Civil Appeals, Fourth District, in an appeal from Bexar. County.

*Upson & Bergstrom* and *Geo. C. Altgelt,* for appellant.—A trust will not fail for the want of a trustee, and in this State the District Court has power to appoint a trustee in the place of a deceased trustee, when no other feasible method is provided for his appointment by the instrument creating the trust. Pierce v. Weaver, 65 Texas, 46; Groesbeek v. Crow, 85 Texas, 200; Rogers v. Watson, 81 Texas, 400; Buchanan v. Hart, 31 Texas, 649; 1 Perry on Trusts, secs. 240-248; Gamble v. Dabney, 20 Texas, 77; Brandon v. Carter, 119 Mo., 572 (41 Am. St. Rep., 673); Seda v. Huble, 75 Iowa, 429, 9th Am. St. Rep., 495; Gibson v. Green, 89 Va., 524, 37 Am. St. Rep., 888; Bull v. Bull, 20 Am. Dec., 86.

Appellants' cause of action for the appointment of a new trustee could not have accrued until after the death of Andrews, on April 14th, 1895, and not until the rendition of the final judgment by the Supreme Court,

on Oct. 28th, 1896, wherefore appellant's suit brought March 3rd, 1896, was not barred by limitation. Rev. Stats., Texas, art. 3358; Goldfrank v. Young, 64 Texas, 432; Brotherton v. Weathersby, 73 Texas, 473; Kennedy v. Baker, 59 Texas, 158; Williams v. Pouns, 48 Texas, 141; McKin v. Williams, 48 Texas, 89; Hill on Trusts, cited and approved in Sprague v. Ireland, 36 Texas, 656.

The appointment of a new trustee by a court not being involved in the suit, wherein final judgment was rendered on March 25th, 1895, by the Supreme Court, and, the original trustee, Andrews, being then alive and willing to act, was not and could not be adjudicated by that tribunal. Philipowski v. Spencer, 63 Texas, 604.

The judgment of the Supreme Court expressly leaves the parties free to enforce whatever right they may have under the trust deed, and therefore the matters involved in this suit are not res judicatae. Davis v. Andrews, 88 Texas, 524.

*Wm. Aubrey,* for appellees.—A court of equity will not (in Texas) appoint a trustee to execute a power of sale conferred through a mortgage or deed of trust made to secure a debt. McLane v. Paschal, 47 Texas, 365; Blackwell v. Barnett, 52 Texas, 326.

The decision in the case of Davis v. Andrews, reported in 88 Texas, page 524, operated as an adjudication of the matters and things sought to be determined in the suit at bar.

One who sues for the recovery of a debt and foreclosure of the lien of a deed of trust securing the payment of same, can not, when defeated in such suit, procure the deed of trust to be foreclosed by a trustee. Davis v. Andrews, 88 Texas, 524; 6 Am. & Eng. Enc., Law, page 250.

The courts will not appoint a trustee in place of a trustee named in a deed of trust to secure a debt, when it appears that such debt is barred by limitation. Goldfrank v. Young, 64 Texas, 432; Fuller v. Oneal, 82 Texas, 417; Hill, Trustees, p. 312.

DENMAN, ASSOCIATE JUSTICE.—After the decision in Davis v. Andrews, 88 Texas, 524 (32 S. W. Rep., 513), the executors of T. W. Pierce instituted this suit in the District Court of Bexar County against William Davis and his children, alleging in their petition in substance (1) that on the 17th day of February, 1883, William Davis, by deed duly executed, conveyed to H. B. Andrews certain property situated in San Antonio, Texas, to have and to hold same unto the said Andrews or substitute forever in trust to secure the payment of certain notes executed by Davis in favor of Pierce, said instrument providing that, upon default in payment of said notes when due, said Andrews should, at the request of said Pierce, sell said property to the highest bidder for cash at public outcry in front of the court house door of Bexar County, after giving certain specified notice, and after such sale make to the purchaser or purchasers thereof a good and sufficient deed to the premises sold with the usual covenants and warrants and receive the proceeds of the sale and, after applying same to the payment of said notes and expense of exe-

cuting the trust, hold the remainder subject to the order of said Davis, said instrument further providing that, should said Andrews from any cause fail or refuse to act, said Pierce should have power to appoint a substitute trustee, who should have the same powers therein delegated to Andrews; (2) that said Davis having made default in the payment of said notes, said trustee Andrews, having been requested so to do by the executors of said Pierce then deceased, did, after the maturity of same, on the sixth day of June, 1886, proceed to execute the trust upon him conferred by said instrument, and in course of such execution advertised the property for sale in accordance with the terms of the instrument, such sale to be made on the 12th day of July, 1886, whereupon said William Davis, on behalf of himself and his said children, on the 8th day of July, 1886, wrongfully instituted a suit in the District Court of Bexar County, Texas, seeking a cancellation of said deed of trust and notes, and wrongfully obtained from the District Court of Bexar County, Texas, an injunction restraining said trustee Andrews, and all others endeavoring to enforce a sale under said deed of trust, from selling said property thereunder, which writ of injunction having been served upon said Andrews on July 10, 1886, the sale of said property as advertised was wrongfully prevented, without any just, reasonable or legal excuse whatever, until said injunction was finally dissolved by the final determination in this court, on the 28th day of October, 1895, of said cause of Davis v. Andrews; (3) that during the pendency of said suit, and more than four years after the maturity of the notes, said executors appeared, asking a judgment against said Davis upon said notes and a foreclosure of the lien secured by said trust deed and a sale of the property in satisfaction thereof, in answer to which demand said Davis pleaded that said notes were barred by limitation at the time of such appearance by the executors; (4) that upon said final determination of said cause of Davis v. Andrews this court dissolved said injunction and decreed that said executors recover of said William Davis no personal judgment nor foreclosure of lien, without adjudicating the existence of the debt or validity of the lien, leaving the executors and said trustee Andrews free to enforce whatever rights they might have under the deed of trust; (5) that prior to said decree dissolving the injunction, on the 14th day of April, 1895, the trustee Andrews died, leaving the trust unexecuted, the beneficiary, T. W. Pierce, having, long prior thereto, on the second day of October, 1885, died, leaving a will appointing plaintiffs as his executors; (6) that the debt represented by said notes still remains due and unpaid and said trust unexecuted; (7) that said trust deed contains no power or authority to appoint a new trustee in place of said Andrews other than the power conferred upon Pierce, deceased, but that such power does not exist in favor of petitioners or anyone else, and said trust will fail for the want of a trustee unless one be appointed by the court, wherefore they prayed that the court appoint some suitable person as trustee in lieu of said Andrews to execute the trust in accordance with the terms of the instrument, and for general relief.

Defendants answered (1) by general demurrer; (2) that the petition is insufficient in law in that it appears therefrom that no suit upon the cause of action therein declared upon has been commenced within four years after the accrual thereof; (3) that the petition is insufficient in that it appears therefrom that the notes therein described were due more than four years before the institution of this suit; (4) that the petition is insufficient in that it appears therefrom that plaintiffs' claim is stale and they and those under whom they claim have been guilty of such laches as to debar them from resort to equity for the relief sought; (5) that the petition is insufficient in that it appears therefrom that the matters and things in controversy were determined adversely to plaintiffs by the Supreme Court in said cause of Davis v. Andrews.

The trial court sustained said demurrer and exceptions and, plaintiffs declining to amend, rendered judgment for defendants, which judgment having been affirmed by the Court of Civil Appeals, plaintiffs below have brought the cause to this court by writ of error, assigning as errors the action of the Court of Civil Appeals in overruling their assignments made therein to the action of the trial court in sustaining each of the demurrers and exceptions aforesaid and rendering judgment for defendants.

It is contended by defendants in error that the general demurrer was properly sustained for the reason that "a court of equity will not (in Texas) appoint a trustee to execute a power of sale conferred through a deed of trust made to secure a debt." We have not been cited to nor have we been able to find any authority in support of this proposition. When Davis conveyed the property to the trustee Andrews to secure the notes in favor of Pierce and by the terms of the instrument authorized its disposition in a prescribed manner to secure funds with which to discharge the debt, the property thereby became a trust fund set apart and charged with the satisfaction of the debt and the right vested in the holder of the notes to have it subjected thereto by a trustee's sale, in accordance with the terms of the contract, without being compelled to resort to the inexpeditious and probably more expensive judicial foreclosure. In the trust thus created and the manner of its execution by trustee's sale, the holder of the notes acquired by the contract a vested right which a court of equity will recognize and enforce. If the parties by their contract have made provision for the appointment of a substitute trustee, it may be done as thus agreed, but such provision in no wise detracts from the well established power of a court of equity to make such appointment. The contention that since the court can in such cases sell under a decree of foreclosure it will not appoint a trustee to sell, cannot be maintained; for to force the beneficiary to a foreclosure instead of aiding him in bringing about the trustee's sale contracted for would not only violate the well established rule that equity will follow the intent of the grantor in executing the trust, but would also deprive him of the benefit of a valuable contractual right connected with the creation and forming part of the trust itself, but for which the contract would in all probability not have

been made. The power to appoint a substitute trustee to execute such trusts has been recognized in the following cases in accordance with what we believe to be the correct rule: Buchanan v. Hart, 31 Texas, 647; Fuller v. Oneal, 82 Texas, 417; Holden v. Stickney, 2 MacArthur, 141; Sargent v. Howe, 21 Ill., 149; McDonald v. Vinson, 56 Miss., 497; Clark v. Wilson, 53 Miss., 119. The first and third special exceptions urging in bar of the action the statute of limitations of four years and stale demand should not have been sustained, for the cause of action, that is the right to apply for the appointment of a substitute trustee, did not accrue until the death of the trustee Andrews, April, 14, 1895, and the petition herein was filed March 3, 1896.

The fourth special exception was improperly sustained because it does not appear from the petition that the cause of action here asserted, the right to have a substitute trustee appointed, was in any way involved in the cause of Davis v. Andrews, and because it does appear from the petition that, in said cause, neither the existence of the debt nor the validity of the lien was adjudicated, but it was simply held that, on account of the defense of limitation of four years set up by Davis in avoidance of a judgment against him, the executors were not entitled to a personal judgment on the notes and a foreclosure on and judicial sale of the property. While the prima facie effect of a general decree is to adjudicate every issue raised by the pleadings, it has never been held, in any case that we are aware of, that a decree adjudicates any issue which the court therein expressly excludes from its determination. The fact that it appears from the face of a decree that it did not dispose of all the issues might, in some cases, show that it was not final, but it could not have the effect of broadening its scope so as to make it effective as an adjudication of the undisposed of issues. Again, independent of the reservations in said decree of the right to proceed under the trust deed, the mere fact that it was adjudged therein that on account of the bar of the statute the executors were not entitled to a personal judgment against Davis on the notes and a judicial foreclosure of the lien, did not have the effect of cancelling the debt or lien, as probably a successful defense of non est factum or payment would have done, but left the trust and the method provided by the contract for its execution intact.

While counsel for defendants in error, in his brief and oral argument in this court, has not attempted to sustain the action of the trial court and Court of Civil Appeals in sustaining either of the three special demurrers above noticed, he earnestly insists that the second special exception above stated, to the effect that "the petition is insufficient in that it appears therefrom that the notes therein described were due more than four years before the institution of this suit," was properly sustained. Were it not for the fact alleged in the petition that defendants in error wrongfully procured the issuance of an injunction restraining the trustee Andrews from executing the trust this case would come within the rule laid down in Fuller v. Oneal, 82 Texas, 417. Under a fair construction of the allegations of the petition it appears that (1) the trust deed creating

the trust as part thereof provided for a trustee's sale of the property in a specified manner in order to raise money to pay the notes; (2) it appointed Andrews trustee to make the sale and authorized Pierce in certain contingencies to appoint a substitute, but did not empower anyone else to do so; (3) after maturity of the notes the trustee Andrews was proceeding in accordance with the terms of the instrument to execute the trust, and would have done so by sale of the property on the 12th day of July, 1886; (4) at that time Pierce was dead and, there being no one authorized by the trust instrument to appoint a substitute trustee in case Andrews should die before executing the trust, it was apparent that any prevention of said trustee's selling the property as he was proceeding to do would result in defeating the right of the holder of the notes to a trustee's sale in case the trustee Andrews should die while so prevented, unless a court of equity would appoint a substitute; (5) under these circumstances defendants in error prior to the day set for the sale wrongfully procured a court of equity to issue an injunction restraining said trustee from selling the property, thus jeopardizing, by the act of the court wrongfully brought about by them, the right of the holder of the notes to a trustee's sale; (6) this wrongful injunction, being constantly in force until after the notes were barred and the trustee Andrews had died, was the prime and efficient cause of the holders thereof being deprived of their contract right to a trustee's sale of the property, unless the court of equity, which at the instance of defendants in error wrongfully prevented them from procuring the execution of the trust in the mode and by the agency provided by the contract until it has now become impossible for them to do so without invoking the aid of equity, will exercise in their behalf its well established power of appointing a trustee to prevent the failure of a trust; (7) under these circumstances the executors, holders of the notes, have herein applied to the court to repair the injury done them by appointing a trustee in lieu of the one of whose services they have been thus deprived by the wrongful act of the court, brought about by the unwarranted allegations of defendants in error in their application for said injunction. To this petition seeking the appointment of a substitute trustee, to execute a trust still existing, under a power of sale still in force, though the debt is now barred (Goldfrank v. Young, 64 Texas, 432; Fievel v. Zuber, 67 Texas, 275), defendants in error, by the special exception under consideration, interpose the objection, not that no action or suit was brought upon the cause of action for the appointment of a substitute trustee within the time prescribed by the statute of limitations after the accrual thereof upon the death of Andrews, but that a court of equity will on account of the debt being barred refrain from extending its aid in the execution of the trust. Thus it appears that the act wrongfully enjoined was a sale by the trustee; that the trust and power of sale provided in the trust deed still exist; that the court is now asked to appoint a trustee to execute the power in lieu of the one of whose services, by its wrongful injunction issued at the instance of defendants in error, plaintiffs in error have been de-

prived; that the court has power to make the appointment and the statute interposes no bar to this suit to have same made.   Under these circumstances we are of opinion that a court of equity should not hear defendants in error to urge the collateral fact that the debt is barred as a reason why its relief should be withheld.   Davis v. Andrews, 88 Texas, 524, and authorities there cited; Williams v. Pouns, 48 Texas, 141.

We are therefore of the opinion that said special exception should have been overruled.   For the error of the trial court in sustaining said demurrer and exceptions and of the Court of Civil Appeals in not sustaining the assignments of error complaining thereof, the judgments of both courts will be reversed and the cause remanded.

*Reversed and remanded.*