822 So.2d 1113 (2002)
Bruce L. CHAMBERS and Peggy W. Chambers, Appellants,
v.
BANCORPSOUTH BANK f/k/a Merchants Bank; Evelyn McDonald and David McDonald d/b/a McDonald Land Developers, A Partnership; and Evelyn McDonald, Individually, Appellees.
No. 2001-CA-00269-COA.
Court of Appeals of Mississippi.
April 16, 2002.
Rehearing Denied June 25, 2002.
*1114 Jerry Campbell, Vicksburg, attorney for appellants.
M. James Chaney, Jr., David M. Sessums, Vicksburg, attorneys for appellees.
Before KING, P.J., THOMAS, and MYERS, JJ.
THOMAS, J., for the court.
¶ 1. On February 2, 1995, Bruce and Peggy Chambers filed a complaint to void a foreclosure sale of property they owned in Hinds and Warren counties. The suit was filed against Merchants Bank, predecessor in interest to BancorpSouth Bank and McDonald. BancorpSouth filed a motion for summary judgment on February 23, 2000. McDonald joined the motion for summary judgment. On November 27, 2000, the Chancery Court of Warren County entered a judgment in favor of BancorpSouth and McDonald granting the motion for summary judgment. Aggrieved, Bruce and Peggy assert the following issue:
THE LOWER COURT ERRED BY GRANTING SUMMARY JUDGMENT IN BANCORP SOUTH'S FAVOR, DISMISSING THE COMPLAINT FILED BY THE CHAMBERS?
Finding no error, we affirm.

FACTS
¶ 2. On October 2, 1981, Vicksburg Automotive, Inc., Bruce Chambers and Peggy Chambers executed a deed of trust to C.E. Sorey, II as trustee for Merchants National Bank, beneficiary. This deed was secured by property located in Warren and Hinds counties. The note in the deed was for $524,500.
¶ 3. On October 19, 1984, Merchants Bank filed for a substitution of the trustee, substituting Edley H. Jones, III in the place of Sorey. On February 15, 1985, Merchants Bank held a foreclosure sale and sold the Warren/Hinds property to Evelyn McDonald and David McDonald d/b/a McDonald Land Developers (McDonald).
¶ 4. Both the Chambers, McDonald and BancorpSouth agree that after the foreclosure sale the Chambers leased the Warren/Hinds property from McDonald. However, the Chambers assert that on October 16, 1989, they executed a quitclaim deed to W.H. Thames. On that same day, Thames executed a deed of *1115 trust to the Chambers in the amount of $20,500, securing the Warren/Hinds property. On June 2, 1994, Thames quitclaimed to the Chambers the interest in the Warren/Hinds property that he received on August 16, 1989.
¶ 5. On February 2, 1995, the Chambers filed suit to void the February 15, 1985 foreclosure sale. The suit was filed against Merchants Bank, predecessor in interest to BancorpSouth Bank and McDonald. BancorpSouth and McDonald filed answers setting forth various defenses. Both defendants also served the Chambers interrogatories, requests for production of documents and requests for admissions. However, the Chambers did not respond to any of these discovery requests.
¶ 6. BancorpSouth filed a motion for summary judgment on February 23, 2000 and a supplement to the motion for summary judgment on September 12, 2000. McDonald later joined the motion for summary judgment. It was not until March 27, 2000, a month after the motion for summary judgment was filed, that the Chambers responded to the answers, interrogatories and requests for production of documents and admissions. On November 27, 2000, having heard oral arguments on the motion for summary judgment the day before, the Chancery Court of Warren County entered a judgment in favor of BancorpSouth and McDonald, granting the motion for summary judgment.

ANALYSIS

DID THE LOWER COURT ERR BY GRANTING SUMMARY JUDGMENT IN BANCORP SOUTH'S FAVOR, DISMISSING THE COMPLAINT FILED BY THE CHAMBERS?
¶ 7. We should first note that a tenant cannot dispute ownership of the property with its landlord. Shell Petroleum Corp. v. Yandell, 172 Miss. 55, 158 So. 787, 790 (1935). Both the Chambers and McDonald admit that following the foreclosure sale, the Chambers leased the property from McDonald. Our supreme court has heard a case with a very similar fact scenario and held that a mortgagor who is silent at the time of the foreclosure sale and then who leased the property from the mortgagee is estopped from then trying to challenge the title of the mortgagee. Kelso v. Robinson, 172 Miss. 828, 161 So. 135 (Miss.1935).
¶ 8. Secondly, the Chambers never paid the debt owed on the original mortgage due to Merchants Bank. We have stated in the past that a court of equity must do whatever is necessary to reinvest title to a mortgagor only upon satisfaction of the debt. Anderson v. Kimbrough, 741 So.2d 1041 (Miss.Ct.App.1999). There is no evidence or claim that the Chambers have paid or are able to now pay the owed debt.
¶ 9. Next, it has also been established that a mortgagor who has actual notice of a foreclosure sale and fails to object to the sale is estopped from subsequently challenging the title of the purchaser. Kelso, 161 So. at 137. There is no indication that the Chambers made any objection to the foreclosure sale until several years after the sale had taken place.
¶ 10. We should also mention that the court of eminent domain entered a judgment on April 21, 2000 condemning a portion of the Warren/Hinds property for highway purposes. Of course, an eminent domain court has the authority to adjudicate title. Simmons v. Mississippi Transportation Comm'n, 717 So.2d 300 (Miss. 1998). The Chambers were served with process, but failed to respond. The eminent domain court found the Chambers had no interest in the Warren/Hinds property. A copy of this judgment was attached to the motion for summary judgment in question.
*1116 ¶ 11. Finally, the Chambers rely most heavily on the argument that the substitution of the trustee nullified the foreclosure. Yet, the Chambers' brief is incredibly diminutive in its assertion of this argument: "The foreclosure sale in this case is clearly voidable by White v. Delta Foundation Inc., 481 So.2d 329 (Miss.1985)." In White, our supreme court cites Miss.Code Ann. § 89-5-45 as the authority which established that the substitution of a trustee to a deed must be properly acknowledged and recorded in order for the substitution to be effective. White, 481 So.2d at 330. In the case at hand, the substitution was both acknowledged and recorded in a proper manner. We find that White only supports the substitution of the trustee in the case at hand.
¶ 12. THE JUDGMENT OF THE CHANCERY COURT OF WARREN COUNTY IS AFFIRMED. COSTS ARE ASSESSED TO THE APPELLANTS.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, LEE, IRVING, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR.