968 So.2d 949 (2005)
Bruce CHAMBERS and Peggy Chambers, Appellants,
v.
Jerry CAMPBELL, Appellee.
No. 2004-CP-00718-COA.
Court of Appeals of Mississippi.
January 18, 2005.
Rehearing Denied April 12, 2005.
Peggy Chambers, (Pro Se), Bruce Chambers, (Pro Se), attorneys for appellants.
Kenneth B. Rector, Vicksburg, attorney for appellee.
*950 Before BRIDGES, P.J., GRIFFIS and ISHEE, JJ.
GRIFFIS, J., for the Court.
¶ 1. Bruce and Peggy Chambers appeal the circuit court's judgment granting Jerry Campbell's motion for summary judgment. We find no error and affirm.

FACTS
¶ 2. The Chambers owned several tracts of real property that were subject to a deed of trust in favor of BancorpSouth Bank. The Chambers failed to pay the indebtedness owed, and the Bank foreclosed on the deed of trust. At the foreclosure sale, Evelyn McDonald and David McDonald, doing business as McDonald Developers, purchased the property.
¶ 3. The Chambers retained Jerry Campbell, an attorney, to file a lawsuit against the Bank to set aside the foreclosure sale. The chancellor decided the case in favor of the Bank, and the Chambers appealed. The chancellor's decision was upheld by this Court. See Chambers v. BancorpSouth Bank, 822 So.2d 1113, 1116 (¶ 12) (Miss.Ct.App.2002).
¶ 4. The matter before us now is a subsequent claim for legal malpractice that the Chambers filed against Campbell. The circuit court granted Campbell's motion for summary judgment. On appeal, the Chambers argue that the circuit court erred in granting the motion for summary judgment.

STANDARD OF REVIEW
¶ 5. This Court employs a de novo standard of review of a lower court's grant of summary judgment and examines all the evidentiary matters before it. McMillan v. Rodriguez, 823 So.2d 1173, 1176-77 (¶ 9) (Miss.2002). The evidence must be viewed in the light most favorable to the party against whom the motion has been made. Id. at 1177. If, in this view, there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law, summary judgment should be entered in his or her favor. Id.

ANALYSIS
¶ 6. The Chambers claim that Campbell was negligent in handling the lawsuit against the Bank. The three elements of a legal malpractice claim are: (1) existence of an attorney-client relationship; (2) negligence on the part of the attorney in handling his client's affairs entrusted to him; and (3) proximate cause of the injury. Wilbourn v. Stennett, Wilkinson & Ward, 687 So.2d 1205, 1215 (Miss.1996). As to the third element, the plaintiff bears the burden to show that "but for their attorney's negligence, [the plaintiff] would have been successful in the prosecution or defense of the underlying action." Rogers v. Eaves, 812 So.2d 208, 211 (¶ 14) (Miss. 2002).
¶ 7. In response to the motion for summary judgment, the Chambers neither alleged nor offered any evidence to establish that their lawsuit against the Bank would have been successful but for Campbell's negligence. Instead, the Chambers merely claim that Campbell was negligent in "failing to answer the counterclaim(s), request for admissions, interrogatories and production of documents filed by the defendants in Bruce Chambers' foreclosure lawsuit, for five years." The Chambers also contend that Campbell's failure "to include an argument section in an appellant's brief" constitutes negligent conduct for which the Chambers seek $10,000,000 in actual and compensatory damages.
¶ 8. There is, however, no evidence to support the Chambers' allegations that they lost their lawsuit against the Bank because Campbell failed to timely respond *951 to counterclaims or discovery requests or that the format of the appellate brief prepared by Campbell did not exactly comply with Mississippi Rules of Appellate Procedure. Instead, it is clear from this Court's ruling that the Chambers lost the underlying lawsuit because of their own actions rather than as a result of any negligence by Campbell.
¶ 9. In Chambers, this Court held that the foreclosure could not be set aside because the Chambers leased the property from the McDonalds after the foreclosure sale. Chambers, 822 So.2d at 1115 (¶ 7). We concluded that a mortgagor who is silent at the time of the foreclosure sale and thereafter leases the property from the mortgagee is estopped from subsequently challenging the validity of the foreclosure. Id. We further held that the Chambers could not contest the foreclosure sale without paying the original indebtedness due the Bank. Id. at (¶ 8). Thus, we held that since the Chambers had not paid the debt and were not able to do so, they could not in equity seek a cancellation of the foreclosure. Id. We also held that the Chambers' claim that the foreclosure sale should be nullified because of a defective substitution of the trustee in the deed of trust was without merit. Id. at 1116 (¶ 11). This Court found that "the substitution was both acknowledged and recorded in a proper manner." Id.
¶ 10. Based on this Court's opinion, it is clear that the Chambers can prove no set of facts upon which they can recover against Campbell. Therefore, because the Chambers failed to present sufficient evidence to create a genuine issue of fact on the proximate cause element of their legal malpractice claim, we find that the circuit court correctly granted summary judgment and affirm.
¶ 11. The Chambers also allege that Campbell violated Rule 1.7(b) of the Mississippi Rules of Professional Conduct. The Chambers claim that Campbell had an undisclosed conflict between the interest of the Chambers and the interest of the Bank in the underlying case because Campbell's father had previously been an officer of the Bank's predecessor institution. However, there is no evidence that Campbell's father had any involvement in the transaction between the Bank and the Chambers. Campbell's father died two years before the foreclosure sale was held and had retired from the Bank several years prior to his death. The fact that Campbell's father at one time was employed by the opposite party in the underlying suit does not, standing alone, violate the Mississippi Rules of Professional Conduct. Thus, we find that this issue lacks merit.
¶ 12. THE JUDGMENT OF THE WARREN COUNTY CIRCUIT COURT GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
KING, C.J., BRIDGES AND LEE, P.JJ., IRVING, MYERS, CHANDLER, BARNES AND ISHEE, JJ. CONCUR.