# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2013-CA-01210-COA

**HELEN Y. ROBINSON**                                                                 **APPELLANT**

**v.**

**TRUSTMARK NATIONAL BANK AND GERALD**                      **APPELLEES**
**M. WARREN**

| | |
|---|---|
| DATE OF JUDGMENT: | 06/17/2013 |
| TRIAL JUDGE: | HON. JAYE A. BRADLEY |
| COURT FROM WHICH APPEALED: | JACKSON COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANT: | RICKY O. AMOS |
| ATTORNEY FOR APPELLEES: | G. MARTIN WARREN JR. |
| NATURE OF THE CASE: | CIVIL - REAL PROPERTY |
| TRIAL COURT DISPOSITION: | GRANTED APPELLEES' MOTION FOR SUMMARY JUDGMENT |
| DISPOSITION: | AFFIRMED - 03/24/2015 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE GRIFFIS, P.J., CARLTON AND JAMES, JJ.**

**JAMES, J., FOR THE COURT:**

¶1.     This appeal arises out of a foreclosure sale of real property by Trustmark National Bank and Gerald M. Warren, substitute trustee (collectively Trustmark), against Helen Robinson on August 11, 2011. Trustmark filed a complaint for unlawful detainer, and the judgment was issued by the County Court of Jackson County, Mississippi. Robinson was ordered to leave the property by February 24, 2012. Robinson then filed a complaint for injunctive and declaratory relief in the Circuit Court of Jackson County, which was denied. Sanctions were ordered against Robinson and her counsel, and the remainder of the case was transferred to chancery court.

¶2.     Robinson appealed to the Mississippi Supreme Court; however, the appeal was dismissed without prejudice. Trustmark filed a motion for summary judgment in chancery court, which the court granted. Robinson now appeals raising the following issues: (1) whether the trial court erred in applying *Nichols v. Bush* to the case; and (2) whether the trial court erred in granting Trustmark's motion for summary judgment. Finding no error, we affirm.

**FACTS**

¶3.     On February 20, 2009, Robinson executed a promissory note payable to First Bank and Trust of Mississippi in the amount of $266,091. On that same day, Robinson also executed a deed of trust to Michael L. Riddle as the trustee for Mortgage Electronic Registration Systems Inc (MERS). At some point, Robinson defaulted on the loan, and Trustmark commenced foreclosure proceedings.

¶4.     On August 11, 2011 Trustmark conducted a foreclosure sale on Robinson's real property. Gerald M. Warren was the substitute trustee that conducted the sale. Trustmark then filed a complaint for unlawful detainer. On February 13, 2012, the county court granted Trustmark's motion for unlawful detainer and ordered Robinson to vacate the premises by February 24, 2012. Robinson filed a motion to reconsider, and on June 19, 2012, the court denied her motion. Trustmark then forwarded a writ of possession to the Circuit Clerk of Jackson County.

¶5.     On July 16, 2012, Robinson filed a complaint in circuit court for injunctive and

declaratory relief to enjoin the writ of possession and to set aside the sale. On October 18, 2012, the court denied the request for a temporary restraining order, transferred the rest of the complaint to chancery court, and sanctioned Robinson and her attorney for bringing the action in the wrong court.

¶6.      On November 16, 2012, Robinson filed a notice of appeal, and appealed the sanctions levied against her and her attorney. Trustmark filed a motion to dismiss on the ground that the order by the circuit court was not a final order. On March 7, 2013, the Mississippi Supreme Court granted the motion and dismissed the appeal without prejudice.

¶7.      Robinson then filed a complaint in chancery court, and Trustmark did not file an answer to the complaint. On March 18, 2013, Trustmark filed a motion to dismiss or, in the alternative, a motion for summary judgment. Robinson filed a response opposing the motion for summary judgment on June 12, 2013. The hearing on the summary-judgment motion was held on June 14, 2013. On June 17, 2013, the court entered an order granting summary judgment in favor of Trustmark.

¶8.      Robinson appeals.

## STANDARD OF REVIEW

¶9.      "Factual findings made by the chancery court will not be disturbed if they are supported by substantial evidence unless we can say with reasonable certainty that the chancellor abused his discretion, was manifestly wrong [or] clearly erroneous[,] or applied an erroneous legal standard." *Finch v. Finch,* 137 So. 3d 227, 232 (¶10) (Miss. 2014)

3

(quoting *Biglane v. Under the Hill Corp.,* 949 So. 2d 9, 14 (¶17) (Miss. 2007)).

¶10.    The standard of review when reviewing a granted motion for summary judgment is de novo. *Scruggs v. Bost,* 149 So. 3d 493, 499 (¶21) (Miss. 2014). The Mississippi Supreme court has held:

> Summary judgment is appropriate and shall be rendered if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to [a] judgment as a matter of law. Importantly, the party opposing summary judgment may not rest on mere allegations or denials of his pleadings, but his response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, will be entered against him.

*Karpinsky v. American Nat'l Ins. Co.,* 109 So. 3d 84, 88 (¶10) (Miss. 2013) (internal citations and quotation marks omitted).

### DISCUSSION

**I.     The trial court erred in applying the holding of *Nichols v. Bush* to the instant case.**

¶11.    Robinson argues that *Nichols v. Bush,* 913 So. 2d 387 (Miss. Ct. App. 2005), and other similar cases cited are distinguishable from the instant case because the sale itself was improperly conducted and "tainted with fraud." Secondly, Robinson argues that the foreclosure should be void as a matter of law because MERS did not assign the deed of trust to Trustmark, and Trustmark did not have the authority to foreclose on the property.

¶12.    Robinson also contends that since Trustmark misrepresented the affiant, this constituted wrongful conduct related to the foreclosures. Robinson further asserts that a

4

blanket application of *Nichols* to all wrongful-foreclosure cases is erroneous. Robinson lastly argues that she was within the statute of limitations to protest the foreclosure sale.

¶13. In *Nichols,* Nichols defaulted under a deed of trust several times. A foreclosure sale was scheduled each time, but before each sale, Nichols would pay what was owed and bring the note current. The last time the property was scheduled for foreclosure, however, Nichols had an agent present and raised no objections during the sale. In our analysis, we cited *Hamilton v. Federal Land Bank,* 184 Miss. 878, 878, 186 So. 832, 833 (1939), and stated: "[T]he general rule is that any person who is present and fails to object to the manner in which the sale is made cannot subsequently have the sale set aside on the ground that it should have been conducted in a different manner." *Nichols,* 913 So. 2d at 391 (¶21). We ultimately held that Nichols was estopped from seeking to have his foreclosure set aside because he waived any irregularity in the sale through his silence before, during, and after the foreclosure proceedings. *Id.* at (¶22).

¶14. Here, there is no dispute that Robinson received notice of the foreclosure sale. Robinson was mailed a certified letter giving notice. Despite receiving notice, however, Robinson failed to respond or acknowledge the foreclosure proceedings before, during, or immediately after the sale. In fact, the first pleadings filed by Robinson were pleadings to stop the unlawful detainer and to get a restraining order; Robinson did not challenge the sale itself. Robinson asserts that since the complaint was filed well within the statute of limitations, it should also have been considered to be filed "immediately" after the sale. We

5

disagree; Robinson waited to file the complaint to get the foreclosure set aside.

¶15. In *Chambers v. Bancorpsouth Bank,* 822 So. 2d 1113, 115 (¶9) (Miss. Ct. App. 2002), we stated that "it has also been established that a mortgagor who has actual notice of a foreclosure sale and fails to object to the sale is estopped from subsequently challenging the title of the purchaser." Further, "[e]stoppel may arise from misleading silence or passive conduct joined with a duty to speak." *Kelso v. Robinson,* 172 Miss. 828, 161 So. 135, 137 (1935). Robinson had a duty to speak, and her silence as to the legitimacy of the foreclosure and the documents supporting the sale effectively estopped her from challenging the title of the subsequent purchaser.

¶16. Robinson attempts to distinguish *Nichols* from the case at bar, by arguing the process was tainted by fraud and the sale itself was unlawful. However, we have previously held that in order to establish fraud, the following elements must be proven:

> (1) a representation (2) its falsity, (3) its materiality, (4) the speaker's knowledge of its falsity or ignorance of its truth, (5) his intent that it should be acted on by the hearer and in the manner reasonably contemplated, (6) the hearer's ignorance of its falsity, (7) his reliance on its truth, (8) his right to rely thereon, and (9) his consequent and proximate injury.

*Rogers v. Rogers,* 94 So. 3d 1258, 1263-64 (¶18) (Miss. Ct. App. 2012). None of the elements required to establish fraud are present in the case at bar. We have consistently held that with notice of a foreclosure sale, if a debtor does not object before, during, or immediately after the sale, he waives his grounds for challenging the sale. Robinson did not raise her objections when she should have, and upon review of the record, we cannot find

6

that the case at bar is distinguishable from *Nichols.*

**II.    The trial court erred in granting Trustmark's motion for summary judgment when genuine issues of material fact exist.**

¶17.    Robinson argues that three issues of material fact exist: (1) whether the subject deed of trust was properly assigned from MERS to Trustmark; (2) whether Trustmark or the true owner of the Robinson note complied with the department of housing and urban development's regulations at the time of foreclosure; and (3) whether Trustmark or the true owner of the Robinson note complied with Making Home Affordable Program regulations prior to or at the time of the instant foreclosure.  Robinson further contends that Trustmark has failed to meet its burden of proving that there is not a genuine issue of material fact.

¶18.    In reviewing a summary judgment, "the evidence must be viewed in the light most favorable to the non-moving party."  *Simpson v. Boyd,* 880 So. 2d 1047, 1050 (¶11) (Miss. 2004).  In order to defeat a motion for summary judgment, the nonmovant must establish a genuine issue of material fact.  *Partin v. N. Miss. Med. Ctr. Inc.,* 929 So. 2d 924, 933 (¶30) (Miss. Ct. App. 2005).

¶19.    Robinson also argues that since *Nichols* is inapplicable, several issues exist and those issues should be tried.  In viewing the evidence in the light most favorable to Robinson, we find that she failed to raise these issues before the sale and waived any ground to challenge the foreclosure.  Therefore, this issue is without merit.  Accordingly, we affirm the judgment of the trial court.

¶20.    **THE JUDGMENT OF THE CHANCERY COURT OF JACKSON COUNTY**

**IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

**LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE AND CARLTON, JJ., CONCUR. ROBERTS, MAXWELL AND FAIR, JJ., CONCUR IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. IRVING, P.J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.**