BARNES, J.,
SPECIALLY CONCURRING:
¶ 19. While I concur-with the majority’s affirming the circuit court’s grant of summary judgment to Trustmark, I disagree with the determination that Pagador waived his claims by failing to object to the foreclosure sale.
¶20. To support its finding of waiver, the circuit court cited Jackson v. Bank of America, No. 3:13CV581-LG-JCG, 2014 WL 5511017, at *5 (S.D. Miss. Oct. 31, 2014), which held that when a mortgagor has actual notice of a foreclosure sale and fails to object, he is “estopped from subsequently challenging the title of the purchaser.” However, what the circuit court failed to consider is the district court’s holding that'the plaintiffs claims for negligence, unjust enrichment, and fraudulent conveyance should be dismissed “because each of these claims seeks to have the sale voided or set aside for irregularities in the foreclosure sale.” Id. at *6 (emphasis added). Similarly, the majority cites Robinson v. Trustmark National Bank, 179 So.3d 1146, 1150 (¶ 16) (Miss. Ct. App. 2015), where this Court held- that because the appellant failed to raise her issues before the sale, she waived “any ground to challenge the foreclosure.” In that case, we noted our - “consistent” holding that if a debtor , does not object before, during, or immediately after the foreclosure sale, “he waives his grounds for challenging the sale.” Id. (emphasis added); see also Nichols v. Bush, 913 So.2d 387, 391 (¶ 22) (Miss. Ct. App. 2005) (finding a plaintiffs “silence” during the foreclosure sale “waived any irregularity in the sale and ... estopped [him] from seeking to have the foreclosure set aside”).[1] Were Pagador seeking to set aside the foreclosure sale, I would agree with the circuit court and the majority that he had waived his claims.[2]
¶21. But as Pagador asserts, he does not “seek to have the sale voided or set aside for irregularities in the foreclosure sale”; he seeks monetary damages. Therefore, Jackson and Robinson are inapplicable to this case, as neither stands for the proposition that there is absolutely no relief available to a plaintiff after foreclosure if he fails to object to the proceedings. These cases simply hold that if a plaintiff makes no objection to the foreclosure, he may not challenge or set aside the sale.
¶ 22. I have found no precedent that a plaintiff waives any and all rights to bring *578 an action for damages for wrongful foreclosure if he fails to object to the sale. In National Mortgage Company v. Williams, 357 So.2d 934, 936 (Miss. 1978), the Mississippi Supreme Court stated:
In general, the authorities support the rule that an action at law by the mortgagor- against the mortgagee will lie to recover damages for a wrongful foreclosure that is, a foreclosure without right, which would ordinarily be ineffective and invalid irrespective of the manner in which it is executed. Generally, in such circumstances, the mortgagor has the right to elect between (1) having the sale set aside and (2) recovering from the mortgagee the damages suffered' as a result of the wrongful foreclosure. Actions at law for damages for premature foreclosures have been sustained, particularly where a required demand of payment was not made to accelerate maturity, although there is authority to the effect that a right to maintain such an action may be lost by electing to proceed in equity for the return of the equity of redemption and obtaining a decree ordering restoration of the property.
(Quoting 55 Am. Jur. Mortgages § 535, 516-17 (1971)). Thus, our supreme court has distinguished between the two types of relief requested in an action for wrongful foreclosure. See also C & K Invs. v. Fiesta Grp, Inc., 248 S.W.3d 234, 254 (Tex. App. 2007) (The failure to foreclose on property properly “gives rise to a cause of action for either the return of the property or damages.”) (emphasis added). Pagador’s failure to object prior to, or immediately after, the sale waived only his right to have the sale set aside, not a claim for damages.
ISHEE, J., JOINS THIS OPINION.

. This holding is grounded on the doctrine of equitable estoppel;
[O]ne of the established rules of the doctrine is that, if a person knowingly suffers another to expend money on land under an erroneous opinion of title, although he does it passively by looking on without making known his claim, he shall not afterwards be permitted to enforce his legal right against such other.
Nichols, 913 So.2d at 391 (¶ 20) (quoting Kelso v. Robinson, 172 Miss. 828, 840-41, 161 So. 135, 137 (1935)).

. The Robinson court found the former property owner "had a duty to speak, and her silence as to the legitimacy of the foreclosure and the documents supporting the sale effectively estopped her from- challenging the title of the subsequent purchaser.” Robinson, 179 So.3d at 1149 (¶ 15) (emphasis added).