SMITH *et al. v.* CLEVELAND STEAM LAUNDRY, INC., *et al.*

[95 South. 433. No. 23095.]

MORTGAGES. *Equity may foreclose independently of powers of trustee contract; equity may order sale of property conveyed at suit of holders of past-due notes, even where trustee precluded by stipulation to act.*

Equity has power to foreclose a mortgage or deed of trust independent of the powers conferred by contract on a trustee named therein, and equity may order a sale of property conveyed at the suit of one or more holders of past-due notes, even where the trustee cannot act because of a stipulation, "at the request of the holders and owners of two-thirds or more of the above-described notes . . . shall sell," etc. Such provision limiting the power of the trustee does not affect the powers of equity to act.

APPEAL from chancery court of Bolivar county.

HON. G. E. WILLIAMS, Chancellor.

Suit by C. R. Smith and others against the Cleveland Steam Laundry, Inc., and others. From an order sustaining a demurrer to the complaint and dismissing the bill, plaintiffs appeal. Reversed and remanded.

*Somerville & Somerville,* for appellant.

Our construction is that the deed of trust conveys the property to the trustee as a stakeholder and then provides a method by which the trustee may sell the property. Nowhere in the deed of trust does it say that the same cannot be enforced through judicial proceedings such as the one instituted here. When viewed in this light, we think the deed of trust a complete answer to the brief of opposite counsel.

We think the situation is identical with such cases as where a trustee dies and there is no power to substitute another, or where the statute of limitations would bar the debt before the date of sale. In these instances the deed of trust would provide a method for foreclosure by the lien-holder, that is, the holder of all of the liens or any part of the lien, would be entitled to 'have the same enforced in equity.

The complainants in this case seek equity and that alone. They insist that the deed of trust carried with it the right of equitable foreclosure, in addition to foreclosure by trustee as therein specified.

*Sillers, Clark & Sillers,* for appellee.

We do not now argue, and did not argue in the lower court, that a deed of trust cannot be foreclosed in chancery, nor did we argue in the lower court nor do we intend to argue here, that the method of foreclosure provided in the contract is exclusive, but it was our contention in the lower court and it is our contention here, that each of the parties to the transaction between the Cleveland Steam Laundry and the parties named as beneficiaries in the deed of trust, entered into this loan under the agreement as set up in the deed of trust, to-wit: That ten or more of the holders of the said notes would have to agree to the taking of the property of the Cleveland Steam Laundry for the payment of the debt before the deed of trust could be

foreclosed; that this being their contract, the security conveyed to-wit: the property of the Cleveland Steam Laundry, could not be sold by any method in a court of law or a court of equity, or by a trustee, until that time had arrived.

In other words, it was our position in the lower court and it is our position here, that the holders of a minority of the notes have entered into this contract and voluntarily made this loan under an agreement with the Cleveland Steam Laundry that the security given for the loan should not be sold until ten or more agreed on it, and that they could not now come into a court of equity, and say to the court: Yes, it is true that we wanted to loan our money, and we wanted to loan same to the Cleveland Steam Laundry. We entered into a contract with the Cleveland Steam Laundry whereby they agreed that we could sell their property if their money was not paid on a day certain and we agreed on our part with the Cleveland Steam Laundry that the property would not be sold until such time as ten or more of us should agree on such sale, and by reason of such promise on our part we induced the Cleveland Steam Laundry to borrow our money and pay us interest thereon, and we induced them to put up as security therefor their property set up in the contract. However, five of us have now decided that we do not now desire to carry out our contract. We admit that we were not entitled to sell the property of the Cleveland Steam Laundry under the terms of our contract, but we now come into a court of equity and ask the court to hold the Laundry to their part of the contract, to-wit, its granting to us of a lien on its property, and we now ask the court to take the property of the Cleveland Steam Laundry and sell it to satisfy our debt, and we ask the court to say that we shall not be held to our part of the contract, that the property cannot be sold until a certain number of the creditors of the Laundry agree thereon, but to say to the Cleveland Steam Laundry, it is true, when you borrowed our money you thought you were protected by the provisions of our con-

tract, but any time any one man changes his mind and decides, as alleged in the bill in the present case, that he wants to become oppressive, he can come into a court of equity and have that court say, in so far as the contract regards him to withhold action, that it means nothing.

A reading of the bill of complainant shows that the deed of trust was executed by the Laundry to its stockholders and officers, and shows that this is a bill filed by a minority of the stockholders who were dissatisfied with the management by the majority of the stockholders, and are attempting to come into a court of equity and by means of a pretended equitable enforcement of a lien, force this Laundry to have its property sold under a contract contrary to the express terms of that contract.

It is true that liens can be enforced, mortgages foreclosed, and contracts carried out between parties. It was said by Justice CAMPBELL, in the case of *Howell* v. *Bush,* 54 Miss. 437. Where parties capable of contracting make their own arrangements, and there is no fraud nor mistake of fact, equity will not interpose to thwart their contest or change their agreements. It will not make contracts for parties.

We submit to the court that the decision of the chancellor in sustaining the demurrer in this case was eminently correct, and should be affirmed.

ETHRIDGE, J., delivered the opinion of the court.

Appellants were the complainants in the court below, and filed a bill to foreclose a deed of trust given by the appellees to secure sixteen promissory notes, of one hundred dollars each; each note being payable to a separate person, and all of them being due on January 1, 1922. The deed of trust, after setting out the names of the persons to whom the notes were payable, recited, "And whereas, the said corporation is anxious to secure the payment of said notes at maturity thereof," proceeded to convey to

the trustee therein named and describing the property embraced in the deed of trust, and then continued:

"This conveyance is in trust. Should the said Cleveland Steam Laundry pay said notes and indebtedness and interest owing thereon at maturity this conveyance shall be void; otherwise, at the request of the holders and owners of two-thirds or more of the above-described notes and indebtedness, in writing, the said W. W. Simmons, trustee, or any successor appointed in his place, shall sell said property and land, or a sufficiency thereof to satisfy the notes and indebtedness aforesaid then unpaid, after first giving notice of the time, place, and terms of sale in accordance with section 2772 of the Mississippi Code of 1906, and the amendments thereto," etc.

Complainants held five of said notes, and filed their bill on June 13, 1922, setting forth that their said notes were past due and unpaid, though demand for payment had been made, and asked for a decree in favor of each individual complainant for the amount of his note, with interest and attorney's fees, and for the sale of property conveyed in the deed of trust, and joined as defendants in said suit the trustee named in the deed of trust and the holders of the other notes. At the return term the trustee procured time in which to file an answer, and decree *pro confesso* was taken against the Laundry and the other defendants, and final judgment against the Laundry, appellee, for the amount due on said notes, with interest and attorney's fees, and a commissioner was appointed to make a sale, etc. One week after this decree was filed the appellee filed a motion to set aside this decree *pro confesso* and final decree thereon, and for leave to file a demurrer to the bill, which motion was sustained and the demurrer heard, and also sustained, and the bill of complaint was dismissed, from which this appeal is prosecuted.

It is the contention of the appellants that the clause in the deed of trust providing for written notice by two-thirds of the holders of the said notes had no application to a suit in equity to foreclose, but that equity exercised juris-

diction in such case independent of the provisions in the deed of trust providing for sale in pais by the trustee, citing and relying upon *McDonald* v. *Vinson,* 56 Miss. 497, and *Ford* v. *Russell,* Freem. Ch. 42, and other authorities.

The appellees do not contend that equity has not jurisdiction to foreclose independently of the trustee, and state their position in the following language in their brief:

"We do not now argue, and did not argue in the lower court, that a deed of trust cannot be foreclosed in chancery, nor did we argue in the lower court, nor do we intend to argue here, that the method of foreclosure provided in the contract is exclusive; but it was our contention in the lower court, and it is our contention here, that each of the parties to the transaction between the Cleveland Steam Laundry and the parties named as beneficiaries in the deed of trust entered into this loan under the agreement as set up in the deed of trust, to wit, that ten or more holders of the said notes would have to agree to the taking of the property of the Cleveland Steam Laundry for the payment of the debt before the deed of trust could be foreclosed; that, this being their contract, the security conveyed, to wit, the property of the Cleveland Steam Laundry, could not be sold by any method in a court of law or a court of equity, or by a trustee, until that time had arrived."

It will be noted from this statement that the appellees contend that the deed of trust constitutes a contract under which the property cannot be resorted to for satisfaction of debt until and unless two-thirds of the holders of the note request foreclosure, in writing; and the chancellor below adopted this theory of the contract.

We are unable to agree with the chancellor in his holding. The provision for foreclosure in the deed of trust refers only to foreclosure by trustee. The note and deed of trust both make the debt due on January 1, 1922, and there is no provision negativing the idea of resorting either to a suit at law or a foreclosure in equity. The duty of the defendant was to pay the notes at maturity, and there is nothing in the contract that prevents a resort to a court

of equity. Of course, a trustee can only foreclose under the conditions of the instrument authorizing him to act; but this does not constitute an agreement on the part of the parties that the courts shall not be resorted to, and through them the property be subjected to the payment of the debt for which it is security.

The judgment will therefore be reversed, the demurrer overruled, and the cause remanded, with leave to answer within thirty days after receipt of the mandate in the court below.

*Reversed and remanded.*