LEE, P.J.,
 

 for the Court:
 

 FACTS AND PROCEDURAL HISTORY
 

 ¶ 1. In 2000, Edward D. May (Edward) bought certain real property located in Marion County for approximately $12,537. Edward executed and delivered a deed of trust to First Federal Bank for Savings (First Federal). In late January 2002, Edward died intestate. The loan secured by the deed of trust became in default, and First Federal began foreclosure proceedings.
 

 ¶ 2. Edward’s daughter, Nettie May (Nettie), made several payments on the loan; however, the loan was continually in default. The notice of foreclosure was published as required by law, and the land was sold on February 23, 2004, to David Hobgood.
 

 ¶3. On February 6, 2007, Lavada May (May), as representative of the Estate of Edward May, filed a complaint in the Marion County Chancery Court to set aside the foreclosure due to improper notice to Edward’s heirs. First Federal filed a motion for summary judgment. At the hearing, Hobgood was dismissed from the suit without notice as a bona fide purchaser for value. May was allowed to amend the complaint to add a claim for damages resulting from improper notice to Edward’s heirs. We note that the original complaint is not included in the record, only the amended complaint.
 

 ¶ 4. First Federal filed another motion for summary judgment. After a hearing, the chancellor granted First Federal’s motion for summary judgment. May now appeals, asserting two issues: (1) the chan
 
 *1229
 
 cellor erred in granting First Federal’s motion for summary judgment, and (2) the chancellor erred in overruling the jurisdictional question. Finding no error, we affirm.
 

 DISCUSSION
 

 I. SUMMARY JUDGMENT
 

 ¶5. In her first issue on appeal, May argues that the chancellor erred in granting First Federal’s motion for summary judgment. In reviewing a lower court’s grant of summary judgment, this Court employs a de novo standard of review.
 
 Anglado v. Leaf River Forest Prods.,
 
 716 So.2d 543, 547 (¶ 13) (Miss.1998). Summary judgment “shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” M.R.C.P. 56(c). All of the evidence before the trial court must be examined in the light most favorable to the non-moving party.
 
 Palmer v. Anderson Infirmary Benevolent Ass’n,
 
 656 So.2d 790, 794 (Miss. 1995). The party opposing the motion “may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.” M.R.C.P. 56(e). The entry of summary judgment is mandated if the non-movant “fails to make a showing sufficient to establish an essential element of the claim or defense, then all other facts are immaterial, and the moving party is entitled to judgment as a matter of law.”
 
 Galloway v. Travelers Ins. Co.,
 
 515 So.2d 678, 684 (Miss.1987).
 

 ¶ 6. May contends that First Federal was required to give notice of the foreclosure to Edward’s heirs. However, Mississippi law does not require the trustee to notify the mortgagor of the foreclosure. Mississippi Code Annotated section 89-1-55 (Rev.1999) only requires the posting and publication of the notice of sale.
 
 See Leininger v. Merchs. & Farmers Bank, Macon,
 
 481 So.2d 1086, 1090 (Miss. 1986) (section 89-1-55 held to be constitutional). This procedure was properly followed, a fact which May admits. May insists that First Federal should have gone beyond its statutory requirements and notified Edward’s heirs of the foreclosure sale. May fails to support this assertion with legal authority. First Federal did not have an obligation to determine who Edward’s heirs were. Edward’s heirs did not open an estate until four months after the foreclosure sale. We note that First Federal did send Edward, although deceased by this time, notice of the delinquency prior to the foreclosure sale.
 

 ¶7. An affidavit from Jack B. Ezelle, First Federal’s senior vice-president/chief credit officer, stated that Ezelle had spoken with Nettie and with George May, Edward’s son, concerning the delinquency. Ezelle’s affidavit stated that George brought a copy of the foreclosure notice with him to their meeting and that George stated he would be present at the foreclosure sale. Regardless, First Federal followed the proper statutory notice procedures. Thus, summary judgment granted in favor of First Federal was proper.
 

 II. JURISDICTION
 

 ¶ 8. In her second issue on appeal, May argues that the chancellor erred in overruling her objections regarding jurisdiction. May first brought up the question of jurisdiction in the amended complaint, after Hobgood was dismissed. May stated that the “Plaintiff has no problem proceeding in [cjhancery [court],” but she wanted the chancellor to determine whether jurisdiction was proper “in order to prevent a
 
 *1230
 
 question ... by the Defendants on appeal in the event of an adverse judgment.” The chancellor determined that the case concerned questions of foreclosure; thus, jurisdiction was proper.
 

 ¶ 9. The foreclosure of deeds of trust or mortgages has been held to be a matter in equity.
 
 Smith v. Cleveland Steam Laundry,
 
 131 Miss. 254, 95 So. 433, 434 (1923);
 
 Robertson v. F. Krauss & Soils,
 
 129 Miss. 310, 92 So. 74, 75 (1922). Additionally, even if we were to find jurisdiction problematic, “once a chancery court makes a final judgment on the merits of the case, [the appellate court] may not reverse that finding without finding an error in addition to lack of subject matter jurisdiction.”
 
 U.S. Fid,. & Guar. Co. v. Estate of Francis ex rel. Francis,
 
 825 So.2d 38, 47 (¶ 23) (Miss.2002); Miss. Const, art. 6, § 147. We find no merit to this issue.
 

 If 10. THE JUDGMENT OF THE MARION COUNTY CHANCERY COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
 

 KING, C.J., MYERS, P.J., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS AND MAXWELL, JJ., CONCUR.