## IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-CA-01703-COA

ELIZABETH BLANCHARD                                                    APPELLANT

v.

NATHAN A. MIZE                                                          APPELLEE

DATE OF JUDGMENT:              10/28/2014
TRIAL JUDGE:                   HON. JAMES SETH ANDREW POUNDS
COURT FROM WHICH APPEALED:     MONROE COUNTY CIRCUIT COURT
ATTORNEYS FOR APPELLANT:       WILLIAM JOSEPH KERLEY
                               ELIZABETH ANN ROCHE
ATTORNEY FOR APPELLEE:         GENE D. BERRY
NATURE OF THE CASE:            CIVIL - REAL PROPERTY
TRIAL COURT DISPOSITION:       SUMMARY JUDGMENT GRANTED IN
                               FAVOR OF APPELLEE
DISPOSITION:                   AFFIRMED - 02/16/2016
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**EN BANC.**

**LEE, C.J., FOR THE COURT:**

### FACTS AND PROCEDURAL HISTORY

¶1.     In 2003, Elizabeth Blanchard purchased her home at 914 West Commerce Street in

Aberdeen, Mississippi.  In order to purchase the property, Blanchard executed a deed of

trust.[1]  The principal amount of the loan secured by the deed of trust was $57,600.

¶2.     The deed of trust required the trustee to provide Blanchard with notice prior to

---

[1] The trustee was attorney Karen H. Cornell with Mortgage Electronic Systems Inc.,
acting solely as nominee for lender Finance America LLC.

acceleration, advise her of an opportunity to cure, and warn her that failure to cure may result in foreclosure. The deed of trust also required the trustee to notify Blanchard in writing if the trustee elected to sell the property.[2]

¶3. In 2008, Blanchard began experiencing financial difficulty and fell behind on her loan payments. From 2008 to 2009, Blanchard made partial loan payments, and in late 2008 throughout 2009, Blanchard requested a loan modification.

¶4. In 2009, the deed of trust was assigned to U.S. Bank N.A., as trustee, and on the same day, Emily Kaye Courteau of the law firm Morris & Associates was substituted as trustee.

¶5. In late 2009 or early 2010, Blanchard received written notice that she would have to pay approximately $5,000 in order "to save her home."[3] On June 10, 2010, Courteau advertised sale of the property by posting notice in the Monroe County Courthouse and by publishing notice for three consecutive weeks in the *Monroe Journal*, a local newspaper.

¶6. On July 9, 2010, the deed of trust was foreclosed on, and a substituted trustee's deed was executed, which conveyed the property to U.S. Bank. The property was then sold on February 7, 2011, to Nathan A. Mize for $30,000.

¶7. Blanchard filed a complaint in the Monroe County Circuit Court seeking damages for tortious conduct; breach of contract; and/or wrongful, illegal, or fraudulent foreclosure. She

---

[2] Pursuant to section 24 of the deed of trust, these provisions apply to successor trustees.

[3] Although Blanchard admitted to this in her complaint, there is no evidence of the letter in the record.

also sought to set aside the foreclosure. The complaint named Mize as a defendant.[4]

¶8. Subsequently, Mize filed a motion for summary judgment claiming he should be dismissed from the suit pursuant to the bona fide purchaser defense. Mize's motion was supported by his sworn affidavit.

¶9. At a hearing on the motion, Blanchard argued that granting Mize's motion for summary judgment would be premature given that there was a genuine issue of material fact. Blanchard argued that she did not receive notice of acceleration as required by the deed of trust, thus resulting in a wrongful foreclosure and subsequent sale. Blanchard argued that if the foreclosure and subsequent sale were void, then the bona fide purchaser defense would not be available to Mize.

¶10. Ultimately, the circuit court declined to make a ruling as to Blanchard's notice claim but ruled that Mize was a bona fide purchaser. As a result, the circuit court granted Mize's motion for summary judgment, and Mize was dismissed from the suit. Under Mississippi Rule of Civil Procedure 54(b), the circuit court expressly determined that there was no just reason for delay and that a final judgment was entered as to Mize only. From this decision, Blanchard appeals. Finding no error, we affirm.

## STANDARD OF REVIEW

¶11. "In reviewing a [circuit] court's grant of summary judgment, this Court employs a de novo standard of review." *In re Admin. of Estate of May*, 32 So. 3d 1227, 1229 (¶5) (Miss.

---

[4] The other defendants were: U.S. Bank N.A., as trustee for Finance America Mortgage Loan Trust, Series 2004-1; Morris & Associates; Litton Loan Servicing; and Jane and John Does 1-100.

Ct. App. 2010) (citing *Anglado v. Leaf River Forest Prods.*, 716 So. 2d 543, 547 (¶13) (Miss. 1998)). "Summary judgment 'shall be rendered . . . if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Id.* (quoting M.R.C.P. 56(c)). This Court will consider all of the evidence before the trial court in the light most favorable to the nonmoving party. *Id.* "The party opposing the motion 'may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial.'" *Id.* (quoting M.R.C.P. 56(e)).

## DISCUSSION

¶12.    Blanchard argues the circuit court erred by prematurely granting Mize's motion for summary judgment. Specifically, Blanchard claims she did not receive notice of acceleration as required by the deed of trust. Blanchard further claims that as a result, the foreclosure and subsequent sale were void and precluded Mize from asserting the bona fide purchaser defense.

### I.    Notice of Foreclosure

¶13.    "Mississippi is a non-judicial foreclosure state." *Pennell v. Wells Fargo Bank N.A.*, No. 1:10-cv-00582-HSO-JMR, 2012 WL 2873882, at *6 (S.D. Miss. July 12, 2012). "As such, Mississippi law does not require the mortgagee to directly notify the mortgagor of an impending foreclosure." *Id.* (citing *EB Inc. v. Allen*, 722 So. 2d 555, 561 (Miss. 1998)). "The Mississippi Code requires only that a notice be posted in the courthouse of the county

4

where the land is situated, and that a notice of sale be published in a paper of general circulation." *Id.* (citing Miss. Code Ann. § 89-1-55 (Rev. 2011)). There can be no dispute, and Blanchard has not contested, that Courteau properly followed the posting and publishing requirements of this statute.

¶14.    "Any additional notice requirements beyond those expressed in section 89-1-55 are determined by the provisions of the particular note and deed of trust." *Id.* (citing *EB*, 722 So. 2d at 561).

¶15.    The deed of trust here required Courteau to notify Blanchard of default, impending acceleration, and an opportunity to cure:

> Acceleration; Remedies.  Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument . . . . The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property.  The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale.  If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the power of sale . . . .

The deed of trust further provides:

> If Lender invokes the power of sale, Lender shall give Borrower, in the manner provided in Section 15, notice of Lender's election to sell the property . . . .

Section 15 of the deed of trust states:

> Notices.  All notices given by Borrower or Lender in connection with this

5

Security Interest must be in writing. Any notice to Borrower in connection with this Security Instrument shall be deemed to have been given to Borrower when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means. Notice to any one Borrower shall constitute notice to all Borrowers unless Applicable Law expressly requires otherwise. The notice address shall be the Property Address unless Borrower has designated a substitute notice address by notice to Lender . . . .

¶16.     Blanchard claims that she did not receive notice of acceleration as required by the deed of trust, thus resulting in a wrongful foreclosure and subsequent sale. However, Blanchard failed to set forth specific facts showing that there was a genuine issue for trial. *May*, 32 So. 3d at 1229 (¶5). Blanchard merely relied on the unsworn allegations in her pleadings. *Id.* We note that although Blanchard included the deed of trust as Exhibit B to her complaint, the deed of trust merely provides that notice was required. It is not proof that notice was not given or that the foreclosure and subsequent sale were wrongful. This issue is without merit.

### II.     Bona Fide Purchaser

¶17.     Because Blanchard failed to present a genuine issue of material fact, the only question remaining before this Court is whether the circuit court erred in finding that the bona fide purchaser defense was available to Mize.

¶18.     Blanchard offered no sworn proof to contest Mize's sworn affidavit stating that he purchased the property for valuable consideration without notice of her alleged claims. *Id.* As stated, Blanchard cannot merely rely on the unsworn allegations in her pleadings. *Id.* This issue is without merit.

¶19.     **THE JUDGMENT OF THE CIRCUIT COURT OF MONROE COUNTY IS AFFIRMED.     ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE**

**APPELLANT.**

   **IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON AND FAIR, JJ.,
CONCUR.  JAMES, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION.
WILSON AND GREENLEE, JJ., NOT PARTICIPATING.**